**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan Jose RUIZ–CHAVEZ, Defendant–Appellant.**

No. 06–1063.

United States Court of Appeals, Sixth Circuit.

March 28, 2007.

Michael A. Macdonald, Asst. U.S. Attorney, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Kenneth P. Tableman, Grand Rapids, MI, for Defendant–Appellant.

Before: SILER, GIBBONS, and ROGERS, Circuit Judges.

PER CURIAM.

Defendant Juan Jose Ruiz–Chavez appeals the imposition of his seventy-eight month sentence. He raises issues concerning disparities between his sentence and sentences in "fast-track" districts, the reasonableness of his sentence, and whether the district court sufficiently articulated the 18 U.S.C. § 3553(a) factors relevant to

his case. For the reasons set forth below, we AFFIRM.

## I.

In October 2003, Ruiz–Chavez pled guilty to illegally reentering the United States following deportation for an aggravated felony conviction, 8 U.S.C. § 1326. Ruiz–Chavez appealed his seventy-eight month sentence on the ground that it violated the Eighth Amendment. We rejected the Eighth Amendment claim but remanded for re-sentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

The Presentence Report ("PSR") for the re-sentencing noted that Ruiz–Chavez had been convicted six times since 1990, warranting a criminal history category of V. The PSR calculated Ruiz–Chavez's base offense level at eight, but recommended a sixteen-level enhancement because he had previously been deported for a crime of violence. It also recommended a three-level reduction for acceptance of responsibility. The PSR established the sentence range from seventy to eighty-seven months incarceration. The district court accepted the PSR's calculation, dismissed Ruiz–Chavez's fast-track argument, and imposed a seventy-eight month sentence. The district court noted that it did not find that any of the § 3553(a) factors warranted a departure from the Guidelines.

## II.

■■■ Ruiz–Chavez contends that his sentence was unreasonable in light of similarly-situated defendants in fast-track districts who enter a plea bargain with the government and forfeit their right to appeal in exchange for a maximum four-level sentence reduction. However, we have already rejected the fast-track argument on the ground that fast-track sentence reductions were "specifically authorized by statute due the unique and pressing problems related to immigration in certain districts" and therefore any "disparity does not run counter to § 3553(a)'s instruction to avoid unnecessary sentencing disparities." *United States v. Hernandez–Fierros*, 453 F.3d 309, 314 (6th Cir.2006). To the extent that fast-track programs have been implemented in districts not overwhelmed by immigration dockets, Ruiz–Chavez is not similarly situated to fast-track defendants because he retained his right to appeal.[1]

■■■ Ruiz–Chavez further contends that the district court erred by failing to articulate why the § 3553(a) reasons he set forth did not warrant a departure from the Guidelines range. Our review is limited to plain error as Ruiz–Chavez failed to raise this objection before the district court. *See United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir.2004). Here, the district court clearly set forth its approach to sentencing.[2] It went on to explicitly reject the fast-track argument and also stated it had considered the other § 3553(a) factors relevant to this case. However, the district court was not persuaded to depart from the Guidelines range, noting that Ruiz–Chavez's case was "within the heartland of cases of this type." Contrary to

---

1. For the same reason, Ruiz–Chavez's Equal Protection claim based on fast-track program disparities also fails.

2. The district court stated:

   I begin by looking at a correctly calculated guideline range. It's a beginning point.... I do that recognizing that the guidelines ...

are only recommendatory.... I also want to consider the other factors listed in [§ 3553(a)(1)-(7)] and listen to the parties' arguments with respect to whether any of those factors may persuade the Court that ... some sentence outside of that range ... would be a more appropriate sentence.

Ruiz–Chavez's assertion otherwise, the district court was not required to explain why it was rejecting variance under each of the § 3553(a) factors. *See United States v. Williams,* 436 F.3d 706, 709 (6th Cir.2006) ("The court need not recite [the § 3553(a) ] factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review.") (citation and quotation marks omitted). Accordingly, Ruiz–Chavez's seventy-eight month sentence was reasonable. *See id.* at 708 (crediting a properly calculated sentence under the Guidelines with a rebuttable presumption of reasonableness).

**AFFIRMED.**